SUPERIOR COURT
OF THE
STATE OF DELAWARE

T. HENLEY GRAVES
RESIDENT JUDGE

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5257

May 24, 2016

State Mail - N443
Mr. Scott A. Thompson
James T. Vaughn Correctional Center
SBI #00511462
1181 Paddock Road
Smyrna, DE 19977

RE: **State vs. Scott A. Thompson**
    **ID #S1004021390 (R-2)**

Dear Mr. Thompson:

On May 17, 2016, the Court received Defendant's second Motion for

Postconviction Relief filed pursuant to Superior Court Criminal Rule 61 ("Rule 61").

For the reasons set forth below the Motion is dismissed because it is procedurally

barred.

### Background

Defendant was charged with capital murder for allegedly shooting his

paraplegic father in the mouth with a small caliber firearm. The case went so far as

to pick the jury for the capital murder trial. It was then learned that the State had

made the decision not to open the Defendant's cell phone or the victim's cell phone to review them for potential exculpatory or inculpatory evidence. This failure was deemed by the Court to be of such importance the start date for the trial was moved. Eventually, the evidence found resulted in the trial being rescheduled and the unsworn jury excused.

Armed with additional information, plea negotiations resulted in a no contest plea to Manslaughter and Robbery in the First Degree. On October 5, 2011, a lengthy colloquy took place as to the entry of the guilty plea, including but not limited to: the State's theory of its case and the evidence it would attempt to present at Defendant's trial; Defendant's acknowledgment that there was a basis in fact for the no contest guilty plea; and Defendant's acknowledgment that, faced with the State's evidence, Defendant decided to make a business decision to not go to trial on the first degree murder charge, *etc*, but to plea to manslaughter and robbery. Defendant's trial and appellate rights were completely reviewed, as well as the fact that the plea was being entered into voluntarily, without threats or force. On November 18, 2011, Defendant was sentenced to eighteen (18) years Level 5 incarceration, followed by probation. Defendant did not appeal.

On July 2, 2012, Defendant filed his first Motion for Postconviction Relief. He alleged his attorneys were ineffective for (i) coercing and threatening him to plead

2

guilty, and (ii) failing to advise him of exculpatory evidence and providing him with bad legal advice. Defendant alleged prosecutorial misconduct and that his due process rights were violated. The thrust of the Motion was that a bloody fingerprint at the scene had no evidentiary value because it could not be conclusively linked to the Defendant.

Defendant was appointed a very experienced criminal defense attorney to represent him. The focus of the proceeding centered on fingerprint evidence and whether the evidence was inculpatory or exculpatory. Also, whether Defendant involuntarily entered into the plea due to pressure or threats from trial counsel became an issue.

On August 8, 2013, an evidentiary hearing took place. Defendant testified. One of his two attorneys testified. Another day of testimony was necessary. This date was delayed in order to obtain the transcript of August 8, 2013. On December 12, 2013, the date testimony resumed, the defense withdrew the pending Motion for Postconviction Relief. On December 13, 2013, the Court dismissed the Rule 61 Motion with prejudice.

So here we are again, twenty-nine (29) months later, back at square one with the Defendant's second Motion alleging his plea was invalid, his attorneys were ineffective, and that the previously discussed exculpatory evidence was withheld.

Defendant raises an additional ineffective assistance of counsel claim alleging trial counsel should have conducted their own DNA analysis of blood found on a pair of jeans.

## Discussion

The Defendant made a decision in 2011 to accept a no contest guilty plea, thereby avoiding a first degree murder trial. Ths colloquy was thorough and the Defendant understood that the no contest plea was a guilty plea. He did not appeal.

In 2012, the Defendant attacked his guilty plea for the aforementioned reasons. Rule 61 (g) affidavits were filed by the attorneys involved and the matters proceeded into 2013 with an evidentiary hearing and a second hearing scheduled. The Defendant withdrew his motion resulting in a dismissal with prejudice.

This was done knowingly and with the benefit of counsel.

| | |
|---|---|
| MR. PEDERSEN: | Your Honor, good morning. Mr. Thompson is approaching the podium. Today was the day Your Honor had set for Part II of Our Rule 61 hearing, which we began back in August. After consulting with Mr. Thompson and reviewing the materials, we discussed his case yesterday and again this morning, and it's my understanding that he wishes to withdraw his Rule 61 motion at this time. |
| THE COURT: | Good morning, sir. Is that correct? |
| THE DEFENDANT: | Yes. |

4

| | |
|---|---|
| THE COURT: | All right. What this means is that we do not do it again later; we do the sentence as entered; it sticks. Do you understand that? |
| THE DEFENDANT: | (Nodding head indicating yes.) Yes. |
| THE COURT: | All right. Mr. Pedersen, you all have had the opportunity to further review the issues that were raised in the initial motion. You are satisfied that this is a reasonable course of action? |
| MR. PEDERSEN: | I believe it is the appropriate course of action for Mr. Thompson, Your Honor, yes. |
| THE COURT: | All right. The motion is officially withdrawn, and there is nothing further for us to do today. |
| | All right. Thank you. |
| MR. PEDERSEN: | Thank you, Your Honor. |

It was made clear to the Defendant that by withdrawing the motion he could not make these claims at a later date. I think it reasonable to infer that Mr. Pedersen's advice was if the Defendant prevailed on the Motion, he could be going from the frying pan to the fire.

Therefore, the Court finds that the present Motion: is untimely filed[1]; is repetitive and does not make allegations compliant with Rule 61(d)(2)[2]; and raises

---

[1]Rule 61(i)(1).

[2]Rule 61(i)(2).

one new claim in which the Defendant fails to allege any reason for his failure to address it in his first Motion for Postconviction Relief.[3]

Therefore, for each of these reasons, the present Motion must be summarily dismissed.

IT IS SO ORDERED.

Very truly yours,

T. Henley Graves

THG/ymp

pc:    Prothonotary
        Melanie Withers, Esquire
        Martin Cosgrove, Esquire
        Thomas Pedersen, Esquire
        John Daniello, Esquire
        Dean Johnson, Esquire

---

[3] Rule 61(i)(3).